Weaver, J.
(concurring in part and dissenting in part). I agree with the majority that the trial court erred in refusing to give the requested lesser offense instruction because breaking and entering is a necessarily included lesser offense of first-degree home invasion, the element differentiating the two crimes was disputed and a rational view of the evidence would support an instruction on the lesser offense. However, I dissent from its conclusion that the error was not harmless because, in my opinion, the evidence presented at trial did not clearly support a conviction of the lesser included misdemeanor of breaking and entering. Therefore, I would conclude that the error was harmless and would affirm defendant’s conviction.
As we explained in People v Cornell, 466 Mich 335, 365; 646 NW2d 127 (2002),
[T]he reliability of the verdict is undermined when the evidence “clearly” supports the lesser included instruction, *397 but the instruction is not given. In other words, it is only when there is substantial evidence to support the requested instruction that an appellate court should reverse the conviction. As we must consider the “entire cause” pursuant to MCL 769.26, in analyzing this question, we also invariably consider what evidence has been offered to support the greater offense.[1]
Applying the harmless error principles we articulated in Cornell to defendant Silver’s case, I would conclude that the error was harmless because the evidence did not clearly support a conviction of the lesser included misdemeanor of breaking and entering without permission. Although defendant stated that his intent upon entering the home was to use the bathroom,[2] the evidence presented at trial overwhelmingly showed the contrary. First, the complainant testified that upon returning to her home, she heard a noise in the kitchen, not the bathroom. When she entered the kitchen, she saw defendant standing there. Defendant then fled through the field behind her home. Second, an investigation by Officer Wesch revealed no signs that defendant had used the bath *398 room. Third, the complainant testified that she believed that approximately two to three week’s worth of change was missing from the top of a dresser in her bedroom. Complainant testified that this change was visible through the bedroom window. Fourth, complainant testified that, although she had observed defendant in the neighborhood, she did not know him, and he had not helped her carry boxes into her home.[3]
While a rational view of the evidence supporting defendant’s “bathroom argument” might have warranted an instruction on the lesser included offense, the borderline nature of this argument may also be taken into consideration in evaluating the extent to which the failure to give such instruction was harmful.
I believe that the misdemeanor of breaking and entering without permission was not clearly supported by the evidence, and that the refusal to instruct on the lesser included offense was harmless error. Therefore, I would affirm defendant’s conviction.[4]
Corrigan, C.J., concurred with Weaver, J.

1 We also clarified that this “substantial evidence” standard for determining whether the error is harmless differs from the standard for determining whether the error occurred. As we explained,
an evidentiary dispute supported by a rational view of the evidence regarding the element that differentiates the lesser from the greater offense will generally require an instruction on the lesser offense. However, more than an evidentiary dispute regarding the element that differentiates the lesser from the greater offense is required to reverse a conviction; pursuant to MCL 769.26, the entire cause must be surveyed. [466 Mich 365-366.]

 According to defendant, the elderly woman, whose yard he gratuitously mowed after helping her start her lawnmower, would not let him use her bathroom because she did not know him, and his brother, who lived in the area, was not home.

 This was contrary to defendant’s assertions that he had helped complainant carry boxes into her home and that they knew each other and would wave to each other.

 I note that the Court of Appeals remanded defendant’s case to the trial court for resentencing because the trial court failed to properly respond to defendant’s objections to the accuracy of the presentence investigation report. Leave to appeal was not sought on this determination.